IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL ÁNGEL DE JESÚS-RUIZ,

Defendant.

CRIMINAL:17-014 (GAG)

**REPORT AND RECOMMENDATION**
**RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.     Procedural Background**

On January 12, 2017, a grand jury returned an indictment against Miguel Ángel De Jesús-Ruiz, (hereinafter referred to as "defendant"). ECF No. 10. Defendant has agreed to plead guilty to counts one and two of the indictment. Count one charges that on or about January 4, 2017, in the District of Puerto Rico and within the jurisdiction of this court, Miguel Ángel De Jesús-Ruiz, the defendant herein, having been convicted in court of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly and unlawfully possessed in and affecting interstate commerce, a firearm and ammunition, as those terms are defined in Title 18, United States Code, Sections 921(a)(3) and (17)(A) respectively, that is a: Keltec pistol, model P40, .40 caliber, serial number 90259, loaded with 5 rounds of .40 caliber ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce, all in violation of Title 18, Untied States, Sections 922(g)(1) and 924(a)(2).

Count two charges that on or about January 4, 2017, in the District of Puerto Rico and within the jurisdiction of this court, Miguel Ángel De Jesús-Ruiz, the defendant herein, then being an unlawful user of a controlled substance as defined in Title 21, United Sates Code, Section 802, knowingly and unlawfully possessed in and affecting interstate or foreign commerce, a firearm and ammunition, as those terms are defined in Title 18, United States Code, Section 921(a)(3) and (17)(A) respectively, that is a: Keltec pistol, model P40, .40 caliber, serial number 90259, loaded with 5 rounds of .40 caliber

ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(2).

**II.     Consent to Proceed Before a Magistrate Judge**

On March 27, 2017, while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to counts one and two of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to counts one and two of the indictment.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A. Rule 11 Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.     To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on counts one and two, as to each count he is exposed to a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years in addition to any term of incarceration.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon

4

him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Government's Evidence**

There is a basis in fact as to every element of the offenses charged in view that at the change of plea hearing the defendant admitted that the following facts proffered by government are true:

On January 4, 2017, Puerto Rico Police Department ("PRPD") agents were asked to locate Miguel Angel De Jesús-Ruiz and serve him a citation to be interviewed by the PRPD Homicide Unit in Caguas. The defendant was located at the Barriada Rivera in the municipality of Las Piedras, Puerto Rico. A PRPD agent called the defendant by his first name "Miguel", but he did not respond. The defendant began walking away from the agents, "grabbed his waistband area" and took off running. PRPD agents pursued the defendant until he entered an abandoned house. Once inside, the agents observed the defendant pulling out a firearm from his waistband and tossing it out of the residence through a hole in the wall made for a window. PRPD agents seized the firearm, that is a black in color Keltec pistol, model P40, .40 caliber, bearing serial number 90259, loaded with five bullets. The defendant was placed under arrest and transported to the PRPD station in Caguas.

At the station, the defendant stated to Homeland Security Investigations agents that he was a drug dealer who sold drugs at Barriada Rivera in Las Piedras. He also stated that he is marijuana drug addict that started smoking said substance at the age of fifteen; he added that he smokes four marijuana cigarettes daily.

Further investigation revealed that the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year and that no firearms, magazines or ammunition are manufactured in Puerto Rico.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**IV.	Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to counts one and two of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 15th day of May, 2017.

                                          s/Marcos E. López
                                          U.S. Magistrate Judge